# UNITED STATES DISTRICT COURT
### for the
## District of COLUMBIA

| | | |
|---|---|---|
| SAMI ALBRA, pro se, indigent litigant<br>  1289 Recital Way<br>  Las Vegas, NV 89119<br>  702-896-4278 | ) ) ) ) ) ) | |
| Plaintiff, | ) ) ) | Case: 1:17–cv–01397<br>Assigned To : Unassigned<br>Assign. Date : 7/12/2017<br>Description: Pro Se Gen. Civil (F Deck) |
| v. | ) ) | |
| OFFICE FOR CIVIL RIGHTS,<br>U.S. DEPARTMENT OF EDUCATION,<br>  400 Maryland Avenue SW<br>  Washington, DC 20202,     and | ) ) ) ) ) | |
| LISA MANGEL., in her official capacity<br>United States OCR Reg Director – Seattle<br>  810 Third Avenue<br>  Seattle, WA 98014    and | ) ) ) ) ) | |
| U.S. DEPARTMENT OF EDUCATION,<br>  400 Maryland Avenue SW<br>  Washington, DC 20202    and | ) ) ) ) ) | |
| Defendants, | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>COMPLAINT</u>

Plaintiff, Sami Albra, unrepresented and disabled, file this complaint for violations of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 706 (1), and (2)(A), (B) and (D). Further, Plaintiff requests this Court also declare Seattle OCR Director, Lisa Mangel, liable in her official capacity under 42 U.S.C. §§ 1983 In support of this complaint, Plaintiff states as follows:

## **INTRODUCTION**

1. For far too long, disabled persons have been discriminated against and excluded from equal access and opportunity from all areas of society including secondary education and public colleges.

2. In the State of Nevada, the adult disabled population is estimated around 10.5%, Only 40% are persons with a disability are employed in the State of Nevada versus 76% of persons without a disability.

3. Historically and continuously studies have shown a direct correlation between a lack of education and poverty.

4. Congress passed several Acts over the years, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, and in 2008 amended the ADA in efforts to achieve this goal.  In respects to education, the US Dept of Education – Office of Civil Rights (OCR) has been charged, by Congressional passage of laws, with the task to ensure nondiscrimination towards all Americans, including disabled Americans.

5. Despite this mandate from Congress set forth in federal law, the U.S. Dept of Education has woefully, and deliberately failed to do its duty in violation of the Administrative Procedure Act ("APA").

6. Plaintiff had filed a Complaint with the Office of Civil Rights ("OCR) – Seattle Office against the State of Nevada, Office of Vocational Rehabilitation Services.

7. OCR Seattle rejected this complaint, not based on discretionary authority, but based on a letter to Plaintiff stating that OCR does not handle disability discrimination charges against a State's Vocational Rehabilitation Services.

8. Plaintiff responded back to OCR Seattle and informed them that their own OCR website says that they handle discrimination cases against State Vocational Rehabilitation Agencies.

9. Plaintiff provided OCR Seattle with specific United States Code evidencing that they do in fact handle these claims.

10. Plaintiff even forwarded OCR Seattle a copy of a "Voluntary Agreement" between OCR and the State of Pennsylvania, Vocational Rehabilitation Services from 2014.

11. Despite these tangible and evidentiary facts, OCR refused to even reconsider this matter.

12.     Plaintiff attempted to appeal this denial; however, the Seattle Director used procedural maneuvering stating that cases which weren't investigated cannot be appealed.

13.     Eventually Plaintiff filed a retaliation complaint with OCR Seattle against Nevada Vocational Rehabilitation.   Steven Riley, who was randomly assigned to the case, wrote Plaintiff a letter stating that OCR Seattle does handle discrimination against State VR agencies, and informed Albra that he was going to investigate this Charge of Retaliation (but not prior claim of discrimination).

14.     Plaintiff then emailed Lisa Mangel – Seattle Office Director a copy of the letter Steven Riley, from the same office, stating they do handle these claims. Yet, OCR chose not to self correct.

15.     Nevada Vocational Rehabilitation Services states in its policies that participants are expected to attend schooling full-time so they can work full time.  This is in direct violation of 34 CFR § 361.42 (2) (ii) (b) which states, "...the eligibility requirements are applied without regard to type of expected employment outcome."

16.     The State of Nevada Vocational Rehabilitation Services discriminated against Albra by not following its own policy which states,

"that recipients of Social Security benefits are exempt from financially participating in the cost of VR services, "SSI/SSDI recipients will still need to complete the FAFSA in order to determine the availability of comparable benefits". VR required Albra to engage in comparable services, which violates the policy.  Although Albra did complete the FAFSA as required, he was then told he must 'qualify' for FAFSA – hence, VR utilizing a different standard in respects to Plaintiff.

17.     Numerous other discriminatory claims against Nevada Vocational Rehabilitation exists; however, the purpose of this action is to compel the federal agency to do its duty; however, if this Court deems more detail is needed at this stage of a lawsuit, Plaintiff will be more than happy to supplement Complaint.

18.     Albra had also submitted a different and unrelated complaint for disability discrimination to OCR Seattle against PIMA MEDICAL COLLEGE.

19.     In that complaint to OCR, the College has an open admissions policy and admits students on a first come, first serve, basis as long as they have high school or GED, pass an entrance exam, and engage in an interview.   Despite the fact Plaintiff did successfully met all three

requirements, and seats were still available for the upcoming term, Albra
was still denied admission and equal opportunity to this private College.

20.     Pima College asserted to OCR that each program has a specific,
unpublished (arbitrary), point-system for admissions – the same way that
community colleges do.

21.     Plaintiff countered to OCR that under that theory, Albra should
have been accepted to the College (open-enrollment), and then denied
entry into that specific program.  OCR ignored this analysis.

22.     As told to OCR, PIMA College's "interview" is nothing more than a
"screening tool" to weed out students with disabilities.  For instance, a
question such as "tell me what you have done for the last 5 years?"
disparately impacts disabled persons who may not have been working.

23.     PIMA also required Plaintiff to engage in additional application
requirements not imposed of non-disabled students as he was told if he
chose to reapply he would need to "shadow" a radiographer for 40 hours
(and submit proof).

24.     Despite Plaintiff's tremendous efforts to resolve these issues with
both PIMA Medical College, and the State of Nevada, Vocational

5

Rehabilitation Services, Albra had no choice but to file his charges with OCR, as Respondents were indifferent to their acts of discrimination.

25.    OCR's actions are equally as troubling as Plaintiff does not personally know any employees there whatsoever, and is perplexed by their wreckless disregard for the law, hostility, arbitrary and capricious nature, and their maliciousness in these matters.

## **PARTIES**

26.    Plaintiff Sami Albra is a citizen and resident of the Nevada. He suffers from a multitude of disabilities and receives Social Security Disability benefits.

27.    Defendant Office for Civil Rights, United States Department of Education is an office within the United States Department of Education, an agency of the United States. OCR is responsible for enforcing certain federal civil rights laws that prohibit discrimination in programs or activities that receive federal financial assistance from the Department of Education, including Section 504 of the Rehabilitation Act.

28.    Defendant Lisa Mangel is the Regional Director of United States Secretary of Education. She is sued in her official capacity.

29.     Defendant United States Department of Education (the "ED") is an agency of the United States. The ED, through its Office for Civil Rights, is responsible for enforcing certain federal civil rights laws that prohibit discrimination in programs or activities that receive federal financial assistance from the Department of Education, section 504 of the Rehabilitation Act.

## JURISDICTION AND VENUE

30.     This Court has authority to review final agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701–706. Jurisdiction over actions seeking such review is provided by 28 U.S.C. § 1331.

31.     Venue properly lies in this Court under 28 U.S.C. § 1391(e) because Defendant Office for Civil Rights and Defendant Department of Education are United States agencies headquartered in this District, and because a substantial part of the events giving rise to Plaintiff's claim occurred in this District.

## STATEMENT OF FACTS

32.     Section 504 of the Rehabilitation Act of 1973 prohibits discrimination based on disability in any program or activity operated by recipients of federal funds. Title II of the Americans with Disabilities Act

7

of 1990 (ADA) prohibits discrimination based on disability by public entities, regardless of whether they receive federal financial assistance.

33.     Defendant Department of Education is tasked with implementing and enforcing federal statutes pertaining to higher education. Its Office for Civil Rights is specifically tasked with responsibility for enforcing federal civil rights laws that prohibit discrimination in programs or activities that receive federal financial assistance from the Department, including disability discrimination. OCR is one of the largest federal civil rights agencies, with approx 6500 attorneys, investigators and staff.

34.     Section 504 of the Rehabilitation Act empowers departments and agencies that provide federal financial assistance to colleges and universities, whether by way of grant, loan, or most types of contracts, to effect compliance "by the termination of or refusal to grant or continue [such] assistance" when "there has been an express finding on the record, after opportunity for a hearing, of a failure to comply with" Section 504 of the Rehabilitation Act.

35.     The overwhelming majority of colleges and universities in the United States receive federal funding in some form, including federal funding from the Department of Education. Every State's Vocational Rehabilitation Services receives monies from the Dept of Education.

8

36.     Withdrawal of Department funding would cripple most schools, and State's VR agencies ability to operate or require a drastic reduction in the services and educational opportunities they are able to provide.

37.     State's VR services must comply with federal laws and regulations as it pertains to persons with disabilities, and the Dept of Education is charged with the duty of investigations and curing acts of discrimination.

38.     Secondary educational institutions, both private and public, must adhere to federal disability discrimination laws.   OCR is charged by Congress to ensure entities compliance, including observing screening tools are not designed to "weed out" persons with disabilities.

39.     The Secretary, Betsy DeVos, had been provided an opportunity to resolve these matter, via certified letters, and informed that legal action would ensue – yet no intervention by the Secretary was forthcoming.

## **MEMORANDUM OF LAW**

On the US Department of Education's, Office of Civil Rights website, https://www2.ed.gov/about/offices/list/ocr/aboutocr.html, it states "...These civil rights laws enforced by OCR extend to all state education agencies, elementary and secondary school systems, colleges and universities, vocational schools, proprietary schools, state vocational rehabilitation agencies, libraries,

and museums that receive U.S. Department of Education funds. Areas covered may include, but are not limited to: <u>admissions</u>, recruitment, financial aid, academic programs, student treatment and services, counseling and guidance, discipline, classroom assignment, grading, <u>vocational education</u>, recreation, physical education, athletics, housing, and employment."

TITLE II of the ADA which prohibits discrimination on the basis of disability in all services, programs, and activities provided to the public by State and local governments, except public transportation services. Nevada's Vocational Rehabilitation Service is a State entity and subject to regulations under Title II.

TITLE III of the ADA has the same requirements but is intended for private entities, including private Colleges, such as PIMA Medical College.

Section 504 is a federal law designed to protect the rights of individuals with disabilities in programs and activities that receive Federal financial assistance from the U.S. Department of Education (ED). Section 504 provides: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."

Both Nevada Vocational Rehabilitation Services and PIMA Medical College both receive federal financial assistance and are subjected to Section 504 regulations.

OCR enforces Section 504 in programs and activities that receive Federal financial assistance from ED. Recipients of this Federal financial assistance include public school districts, institutions of higher education, and other state and local education agencies. The regulations implementing Section 504 in the context of educational institutions appear at 34 C.F.R. Part 104.

OCR had a Voluntary Resolution Agreement signed with the State of Pennsylvania, Office of Vocational Rehabilitation, for non-compliance of federal disability laws in 2014. OCR Complaint is referenced case #03143004.

On June 14, 2017, Congress had passed the "Follow the Rules Act", amending Title 5 of United States Code, pertaining to actions of federal employees. Specifically, Sec. 2. prohibits personnel action based on ordering an individual to violate a government rule or regulation.

## COUNT I – VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

## Compel agency action unlawfully withheld or unreasonably delayed

## 5 U.S.C. § 706(1)

40.     Plaintiff incorporates by reference the preceding paragraphs as though they were fully set forth herein.


41.     OCR unlawfully withheld action against the State of Nevada, Office of Civil Rights, as OCR does have the authority to handle disability discrimination claims against State VR agencies.

42.     OCR unlawfully withheld action against PIMA Medical College by
        not applying lawful standards, nor utilizing its Case Processing Manual
        in handling of Complaints.

## COUNT II – VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

### Arbitrary, capricious, an abuse of discretion, not in accordance with law;,

### 5 U.S.C. § 706(2)(A)

43.     Plaintiff incorporates by reference the preceding paragraphs as
        though they were fully set forth herein.

44.     The arbitrary and capricious nature of OCR is offensive to any
        reasonable persons reading this case.  Allowance of such governmental
        actions to go uncorrected would equate to Tier-like system of justice in
        the United States.

45.     OCR failed to follow its Case Processing Manual which is
        specifically set forth to ensure federal agency compliance with law.

46.     The 1973 US Supreme Court ruling in *Adams v. Richardson*
        provides guidance that prosecutorial discretion does not apply in these
        types of cases as specific remedy was set forth by Congress.

## COUNT III – VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

## Contrary to constitutional right, power, privilege, or immunity;

## 5 U.S.C. § 706(2)(B)

47.     Plaintiff incorporates by reference the preceding paragraphs as though they were fully set forth herein.

48.     Every person, including the Plaintiff, is afforded the Right to Life, Liberty, and the pursuit of happiness...".

49.     Secondary education involves property and liberty rights protected by the Constitution, which, have been allowed to be taken away without the required Due Process, by the US Dept of Education deliberateness in not following the laws of this country.

## COUNT IV – VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

## Without observance of procedure required by law, 5 U.S.C. § 706(2)(D)

50.     Plaintiff incorporates by reference the preceding paragraphs as though they were fully set forth herein.

51.     The OCR Case Processing Manual mentioned above, outlines the procedures to take for noncompliance because it is required by law and

set forth by the Agency's decision or rulemaking.   Countless times the OCR has failed to follow the procedures required by law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully request that this Court:

a. Enter declaratory, injunctive relief that Defendants have violated the APA and declare that Plaintiff's Constitutional Rights, including Due Process rights, Liberty Rights, amongst others, had unlawfully taken from him.

b. Declare that the Federal Agency charged with ensuring persons with disabilities are not discriminated against (Education), in fact, discriminated against the disabled Plaintiff.

c. Enter a decision as to whether the actions of the individuals responsible in the US Dept of Education would be shielded in this case from suit for damages, given the extraordinary nature, against them individually.

d. Request that the Court take into full consideration that Plaintiff is pro se, and is not familiar with law to sufficient request any and all items and relief that he is entitled to.  AS SUCH,

e. Respectfully request that this Court be proactive in providing further and additional relief, as this Court may deem just and proper, given the egregiousness of this case.

Respectfully submitted,

DATED: July 4, 2017

Sami Albra, pro se, indigent litigant
1289 Recital Way
Las Vegas, NV 89119
T: (702) 896-4278
Sama3469@gmail.com

15

# UNITED STATES DISTRICT COURT
for the
## District of COLUMBIA

| | |
|---|---|
| SAMI ALBRA, pro se, indigent litigant<br>  1289 Recital Way<br>Las Vegas, NV 89119<br>  702-896-4278<br><br><br><br>                  Plaintiff,<br><br>v.<br><br>OFFICE FOR CIVIL RIGHTS,<br>U.S. DEPARTMENT OF EDUCATION,<br>  400 Maryland Avenue SW<br>  Washington, DC 20202,    and<br><br>LISA MANGEL., in her official capacity<br>United States OCR Reg Director – Seattle<br>  810 Third Avenue<br>  Seattle, WA 98014   and<br><br>U.S. DEPARTMENT OF EDUCATION,<br>  400 Maryland Avenue SW<br>  Washington, DC 20202   and<br><br><br>                  Defendants, | Civil Action No. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>COMPLAINT</u>

      Plaintiff, Sami Albra, unrepresented and disabled, file this complaint for violations of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 706 (1), and (2)(A), (B) and (D). Further, Plaintiff requests this Court also declare Seattle OCR Director, Lisa Mangel, liable in her official capacity under 42 U.S.C. §§ 1983 In support of this complaint, Plaintiff states as follows:

# **INTRODUCTION**

1. For far too long, disabled persons have been discriminated against and excluded from equal access and opportunity from all areas of society including secondary education and public colleges.

2. In the State of Nevada, the adult disabled population is estimated around 10.5%, Only 40% are persons with a disability are employed in the State of Nevada versus 76% of persons without a disability.

3. Historically and continuously studies have shown a direct correlation between a lack of education and poverty.

4. Congress passed several Acts over the years, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, and in 2008 amended the ADA in efforts to achieve this goal.  In respects to education, the US Dept of Education – Office of Civil Rights (OCR) has been charged, by Congressional passage of laws, with the task to ensure nondiscrimination towards all Americans, including disabled Americans.

5. Despite this mandate from Congress set forth in federal law, the U.S. Dept of Education has woefully, and deliberately failed to do its duty in violation of the Administrative Procedure Act ("APA").

1

6. Plaintiff had filed a Complaint with the Office of Civil Rights ("OCR) – Seattle Office against the State of Nevada, Office of Vocational Rehabilitation Services.

7. OCR Seattle rejected this complaint, not based on discretionary authority, but based on a letter to Plaintiff stating that OCR does not handle disability discrimination charges against a State's Vocational Rehabilitation Services.

8. Plaintiff responded back to OCR Seattle and informed them that their own OCR website says that they handle discrimination cases against State Vocational Rehabilitation Agencies.

9. Plaintiff provided OCR Seattle with specific United States Code evidencing that they do in fact handle these claims.

10.    Plaintiff even forwarded OCR Seattle a copy of a "Voluntary Agreement" between OCR and the State of Pennsylvania, Vocational Rehabilitation Services from 2014.

11.    Despite these tangible and evidentiary facts, OCR refused to even reconsider this matter.

12.    Plaintiff attempted to appeal this denial; however, the Seattle
Director used procedural maneuvering stating that cases which weren't
investigated cannot be appealed.

13.    Eventually Plaintiff filed a retaliation complaint with OCR Seattle
against Nevada Vocational Rehabilitation.    Steven Riley, who was
randomly assigned to the case, wrote Plaintiff a letter stating that OCR
Seattle does handle discrimination against State VR agencies, and
informed Albra that he was going to investigate this Charge of Retaliation
(but not prior claim of discrimination).

14.    Plaintiff then emailed Lisa Mangel – Seattle Office Director a copy
of the letter Steven Riley, <u>from the same office</u>, stating they do handle
these claims.  Yet, OCR chose not to self correct.

15.    Nevada Vocational Rehabilitation Services states in its policies that
participants are expected to attend schooling full-time so they can work
full time.  This is in direct violation of 34 CFR § 361.42 (2) (ii) (b) which
states, "...the eligibility requirements are applied without regard to type
of expected employment outcome."

16.    The   State   of   Nevada   Vocational   Rehabilitation   Services
discriminated against Albra by not following its own policy which states,

3

"that recipients of Social Security benefits are exempt from financially participating in the cost of VR services, "SSI/SSDI recipients will still need to complete the FAFSA in order to determine the availability of comparable benefits". VR required Albra to engage in comparable services, which violates the policy. Although Albra did complete the FAFSA as required, he was then told he must 'qualify' for FAFSA – hence, VR utilizing a different standard in respects to Plaintiff.

17.     Numerous other discriminatory claims against Nevada Vocational Rehabilitation exists; however, the purpose of this action is to compel the federal agency to do its duty; however, if this Court deems more detail is needed at this stage of a lawsuit, Plaintiff will be more than happy to supplement Complaint.

18.     Albra had also submitted a different and unrelated complaint for disability discrimination to OCR Seattle against PIMA MEDICAL COLLEGE.

19.     In that complaint to OCR, the College has an open admissions policy and admits students on a first come, first serve, basis as long as they have high school or GED, pass an entrance exam, and engage in an interview.    Despite the fact Plaintiff did successfully met all three

requirements, and seats were still available for the upcoming term, Albra was still denied admission and equal opportunity to this private College.

20.     Pima College asserted to OCR that each program has a specific, unpublished (arbitrary), point-system for admissions – the same way that community colleges do.

21.     Plaintiff countered to OCR that under that theory, Albra should have been accepted to the College (open-enrollment), and then denied entry into that specific program. OCR ignored this analysis.

22.     As told to OCR, PIMA College's "interview" is nothing more than a "screening tool" to weed out students with disabilities. For instance, a question such as "tell me what you have done for the last 5 years?" disparately impacts disabled persons who may not have been working.

23.     PIMA also required Plaintiff to engage in additional application requirements not imposed of non-disabled students as he was told if he chose to reapply he would need to "shadow" a radiographer for 40 hours (and submit proof).

24.     Despite Plaintiff's tremendous efforts to resolve these issues with both PIMA Medical College, and the State of Nevada, Vocational

Rehabilitation Services, Albra had no choice but to file his charges with OCR, as Respondents were indifferent to their acts of discrimination.

25.     OCR's actions are equally as troubling as Plaintiff does not personally know any employees there whatsoever, and is perplexed by their wreckless disregard for the law, hostility, arbitrary and capricious nature, and their maliciousness in these matters.

## **PARTIES**

26.     Plaintiff Sami Albra is a citizen and resident of the Nevada. He suffers from a multitude of disabilities and receives Social Security Disability benefits.

27.     Defendant Office for Civil Rights, United States Department of Education is an office within the United States Department of Education, an agency of the United States. OCR is responsible for enforcing certain federal civil rights laws that prohibit discrimination in programs or activities that receive federal financial assistance from the Department of Education, including Section 504 of the Rehabilitation Act.

28.     Defendant Lisa Mangel is the Regional Director of United States Secretary of Education. She is sued in her official capacity.

29.     Defendant United States Department of Education (the "ED") is an
agency of the United States. The ED, through its Office for Civil Rights, is
responsible for enforcing certain federal civil rights laws that prohibit
discrimination in programs or activities that receive federal financial
assistance from the Department of Education, section 504 of the
Rehabilitation Act.

## JURISDICTION AND VENUE

30.     This Court has authority to review final agency action under the
Administrative Procedure Act, 5 U.S.C. §§ 701–706. Jurisdiction over
actions seeking such review is provided by 28 U.S.C. § 1331.

31.     Venue properly lies in this Court under 28 U.S.C. § 1391(e)
because Defendant Office for Civil Rights and Defendant Department of
Education are United States agencies headquartered in this District, and
because a substantial part of the events giving rise to Plaintiff's claim
occurred in this District.

## STATEMENT OF FACTS

32.     Section 504 of the Rehabilitation Act of 1973 prohibits
discrimination based on disability in any program or activity operated by
recipients of federal funds. Title II of the Americans with Disabilities Act

of 1990 (ADA) prohibits discrimination based on disability by public entities, regardless of whether they receive federal financial assistance.

33.     Defendant Department of Education is tasked with implementing and enforcing federal statutes pertaining to higher education. Its Office for Civil Rights is specifically tasked with responsibility for enforcing federal civil rights laws that prohibit discrimination in programs or activities that receive federal financial assistance from the Department, including disability discrimination.  OCR is one of the largest federal civil rights agencies, with approx 6500 attorneys, investigators and staff.

34.     Section 504 of the Rehabilitation Act empowers departments and agencies that provide federal financial assistance to colleges and universities, whether by way of grant, loan, or most types of contracts, to effect compliance "by the termination of or refusal to grant or continue [such] assistance" when "there has been an express finding on the record, after opportunity for a hearing, of a failure to comply with" Section 504 of the Rehabilitation Act.

35.     The overwhelming majority of colleges and universities in the United States receive federal funding in some form, including federal funding from the Department of Education. Every State's Vocational Rehabilitation Services receives monies from the Dept of Education.

8

36.     Withdrawal of Department funding would cripple most schools, and State's VR agencies ability to operate or require a drastic reduction in the services and educational opportunities they are able to provide.

37.     State's VR services must comply with federal laws and regulations as it pertains to persons with disabilities, and the Dept of Education is charged with the duty of investigations and curing acts of discrimination.

38.     Secondary educational institutions, both private and public, must adhere to federal disability discrimination laws.  OCR is charged by Congress to ensure entities compliance, including observing screening tools are not designed to "weed out" persons with disabilities.

39.     The Secretary, Betsy DeVos, had been provided an opportunity to resolve these matter, via certified letters, and informed that legal action would ensue – yet no intervention by the Secretary was forthcoming.

## MEMORANDUM OF LAW

On the US Department of Education's, Office of Civil Rights website, https://www2.ed.gov/about/offices/list/ocr/aboutocr.html, it states "...These civil rights laws enforced by OCR extend to all state education agencies, elementary and secondary school systems, colleges and universities, vocational schools, proprietary schools, state vocational rehabilitation agencies, libraries,

9

and museums that receive U.S. Department of Education funds. Areas covered may include, but are not limited to: <u>admissions</u>, recruitment, financial aid, academic programs, student treatment and services, counseling and guidance, discipline, classroom assignment, grading, <u>vocational education</u>, recreation, physical education, athletics, housing, and employment."

TITLE II of the ADA which prohibits discrimination on the basis of disability in all services, programs, and activities provided to the public by State and local governments, except public transportation services.  Nevada's Vocational Rehabilitation Service is a State entity and subject to regulations under Title II.

TITLE III of the ADA has the same requirements but is intended for private entities, including private Colleges, such as PIMA Medical College.

Section 504 is a federal law designed to protect the rights of individuals with disabilities in programs and activities that receive Federal financial assistance from the U.S. Department of Education (ED). Section 504 provides: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."

Both Nevada Vocational Rehabilitation Services and PIMA Medical College both receive federal financial assistance and are subjected to Section 504 regulations.

OCR enforces Section 504 in programs and activities that receive Federal financial assistance from ED. Recipients of this Federal financial assistance include public school districts, institutions of higher education, and other state and local education agencies. The regulations implementing Section 504 in the context of educational institutions appear at 34 C.F.R. Part 104.

OCR had a Voluntary Resolution Agreement signed with the State of Pennsylvania, Office of Vocational Rehabilitation, for non-compliance of federal disability laws in 2014. OCR Complaint is referenced case #03143004.

On June 14, 2017, Congress had passed the "Follow the Rules Act", amending Title 5 of United States Code, pertaining to actions of federal employees. Specifically, Sec. 2. prohibits personnel action based on ordering an individual to violate a government rule or regulation.

## COUNT I – VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

## Compel agency action unlawfully withheld or unreasonably delayed

## 5 U.S.C. § 706(1)

40.     Plaintiff incorporates by reference the preceding paragraphs as though they were fully set forth herein.

41.     OCR unlawfully withheld action against the State of Nevada, Office of Civil Rights, as OCR does have the authority to handle disability discrimination claims against State VR agencies.

11

42.    OCR unlawfully withheld action against PIMA Medical College by not applying lawful standards, nor utilizing its Case Processing Manual in handling of Complaints.

## COUNT II – VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

## Arbitrary, capricious, an abuse of discretion, not in accordance with law;,

## 5 U.S.C. § 706(2)(A)

43.    Plaintiff incorporates by reference the preceding paragraphs as though they were fully set forth herein.

44.    The arbitrary and capricious nature of OCR is offensive to any reasonable persons reading this case.  Allowance of such governmental actions to go uncorrected would equate to Tier-like system of justice in the United States.

45.    OCR failed to follow its Case Processing Manual which is specifically set forth to ensure federal agency compliance with law.

46.    The 1973 US Supreme Court ruling in *Adams v. Richardson* provides guidance that prosecutorial discretion does not apply in these types of cases as specific remedy was set forth by Congress.

## COUNT III – VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

## Contrary to constitutional right, power, privilege, or immunity;

## 5 U.S.C. § 706(2)(B)

47.     Plaintiff incorporates by reference the preceding paragraphs as though they were fully set forth herein.

48.     Every person, including the Plaintiff, is afforded the Right to Life, Liberty, and the pursuit of happiness…".

49.     Secondary education involves property and liberty rights protected by the Constitution, which, have been allowed to be taken away without the required Due Process, by the US Dept of Education deliberateness in not following the laws of this country.

## COUNT IV – VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

## Without observance of procedure required by law, 5 U.S.C. § 706(2)(D)

50.     Plaintiff incorporates by reference the preceding paragraphs as though they were fully set forth herein.

51.     The OCR Case Processing Manual mentioned above, outlines the procedures to take for noncompliance because it is required by law and

13

set forth by the Agency's decision or rulemaking.  Countless times the OCR has failed to follow the procedures required by law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully request that this Court:

a. Enter declaratory, injunctive relief that Defendants have violated the APA and declare that Plaintiff's Constitutional Rights, including Due Process rights, Liberty Rights, amongst others, had unlawfully taken from him.

b. Declare that the Federal Agency charged with ensuring persons with disabilities are not discriminated against (Education), in fact, discriminated against the disabled Plaintiff.

c. Enter a decision as to whether the actions of the individuals responsible in the US Dept of Education would be shielded in this case from suit for damages, given the extraordinary nature, against them individually.

d. Request that the Court take into full consideration that Plaintiff is pro se, and is not familiar with law to sufficient request any and all items and relief that he is entitled to.  AS SUCH,

e. Respectfully request that this Court be proactive in providing further and additional relief, as this Court may deem just and proper, given the egregiousness of this case.

Respectfully submitted,

DATED: July 4, 2017

Sami Albra, pro se, indigent litigant
1289 Recital Way
Las Vegas, NV 89119
T: (702) 896-4278
Sama3469@gmail.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**NAMES AND ADDRESS OF PARTIES AND ATTORNEYS,**
**for pro se litigants proceeding in forma pauperis, pursuant to LCvR 5.1(c)(1)**

SAMI ALBRA, pro se, indigent litigant
  1289 Recital Way
  Las Vegas, NV 89119
  702-896-4278
OFFICE FOR CIVIL RIGHTS,
U.S. DEPARTMENT OF EDUCATION,
   400 Maryland Avenue SW
   Washington, DC 20202,     and

LISA MANGEL., in her official capacity
United States OCR Reg Director  - Seattle
   810 Third Avenue
   Seattle, WA 98014    and

U.S. DEPARTMENT OF EDUCATION,
   400 Maryland Avenue SW
   Washington, DC 20202    and

Sam, Abe
1289 Rachel Way
Las Vegas, NV 89119

DC District Court
333 Constitution Ave, NW
Washington DC 20001



U.S. POSTAGE
$2.66
FCM LG ENV
33334
Date of sale
07/06/17
06 2500
08536906
SSK
A5477070613163 2

-- FOLD HERE --