# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SAMI ALBRA,<br><br>    **Plaintiff,**<br><br>        **v.**<br><br>U.S. DEPARTMENT OF EDUCATION, *et al.*,<br><br>    **Defendants.** | Civil Action No. 17-1397 (JEB) |

## MEMORANDUM OPINION

*Pro se* Plaintiff Sami Albra, who describes himself as disabled, believes that the State of Nevada's Office of Vocational Rehabilitation Services and Pima Medical College have discriminated against him on the basis of such unspecified disability. Instead of suing those entities, however, he has brought this action under the Administrative Procedure Act against the U.S. Department of Education, its Office of Civil Rights, and an OCR regional director for failing to sufficiently investigate the discriminatory conduct. Now moving to dismiss, Defendants point out that no APA suit can succeed where Albra could obtain relief by suing the Nevada entities directly. Agreeing, the Court will dismiss the case.

## I.       Background

Although the Court must assume at this stage that the facts set forth in the Complaint are true, parsing such facts is no easy matter. While the context is opaque, Albra alleges that the State of Nevada's Vocational Rehabilitation (VR) Services discriminated against him concerning disability benefits. See Compl. at 3-4. In addition, Pima Medical College also engaged in disability discrimination when it denied him admission. Id. at 4-5. At some point, Albra filed a

1

complaint with the Seattle OCR against Nevada's Office of VR Services.  Id. at 2.  "OCR Seattle rejected this complaint . . . stating that OCR does not handle disability discrimination charges against a State's Vocational Rehabilitation Services."  Id.  Plaintiff believes that this is not actually the policy.  Id.  In fact, after he appealed, OCR Seattle informed Albra that it "does handle discrimination cases against State VR agencies" and would investigate.  Id. at 3.  Albra also "submitted a different and unrelated complaint for disability discrimination to OCR Seattle against Pima."  Id. at 4.  The Court infers from his causes of action set out below that the Department of Education did not satisfactorily resolve his complaints.

After explaining that both the Rehabilitation Act and the Americans with Disabilities Act prohibit discrimination by state entities and private colleges that receive federal funding, id. at 10-11, Plaintiff sets out his four counts, all under the APA.  The first asserts that OCR "unlawfully withheld action against the State of Nevada" and Pima.  Id. at 11-12.  The second alleges that OCR acted arbitrarily and capriciously in not investigating those entities.  Id. at 12.  The third makes out a due-process claim against the Education Department for the same reason, id. at 13, and the fourth decries OCR's failure to follow its Case Processing Manual in pursuing the discriminating bodies.  Id. at 13-14.  Defendants now move to dismiss.

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted."  When the sufficiency of a complaint is challenged under Rule 12(b)(6), the factual allegations presented in it must be presumed true and should be liberally construed in plaintiff's favor.  See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted). A plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Though a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," Twombly, 550 U.S. at 556 (citing Scheuer, 416 U.S. at 236), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 555. Where the action is brought by a *pro se* plaintiff, the Court must construe her filings liberally and hold the complaint to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also Schnitzler v. United States, 761 F.3d 33, 38 (D.C. Cir. 2014).

### III.    Analysis

Defendants' initial argument here boils down to the question: Why are you suing us? In other words, as Plaintiff is complaining about discrimination by Nevada's VR Services and Pima, what is his beef with the Department of Education? Garbed in more appropriate legal dress, Defendants' position is that the APA does not apply when a plaintiff has an alternative remedy available. They are correct.

Under APA § 704, only "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review." As both Nevada's Department of Employment, Rehabilitation, and Training (NDETR) and Pima receive federal funds, see Mot., Exh. B (OCR Letter to Plaintiff, March 29, 2017) at 2; id., Exh. E (OCR Letter to Plaintiff, April 27, 2017) at 2, they are subject to the federal Rehabilitation Act. See 29 U.S.C. § 794(a) (prohibiting discrimination against "qualified individual with a disability" by "any program or activity

receiving Federal financial assistance"). As a result, Albra can sue these entities directly for disability discrimination under that Act. Given that he has that alternative remedy, he does not have a cause of action under the APA. See Perry Capital LLC v Mnuchin, 864 F.3d 591, 620-21 (D.C. Cir. 2017) (explaining that issue goes to legitimacy of cause of action, not sovereign immunity).

Courts in this district have so held on repeated occasions. In West v. Spellings, 480 F. Supp. 2d 213 (D.D.C. 2007), for example, the plaintiff sued the Department of Education for its failure to satisfactorily investigate a university he believed had discriminated against him. Among other counts, he brought APA claims, which the Court dismissed because he could directly sue the institution, meaning another adequate remedy existed. Id. at 217; see also Cottrell v. Vilsack, 915 F. Supp. 2d 81, 90 n.9 (D.D.C. 2013). In fact, just two months ago, Chief Judge Howell handled a suit brought by one "Adem Albra," the format and content of whose pleadings look remarkably similar to Sami Albra's here. See Albra v. Bd. of Trustees of Miami Dade College, 2018 WL 910719 (D.D.C. Feb. 15, 2018). Adem Albra also sued the Department of Education and other entities in Florida regarding purported disability discrimination. In dismissing the federal entities, the court held that "the plaintiff has other adequate remedies available to him." Id. at *5.

The same result obtains here. If Albra wants relief, he should sue the Nevada entities he claims discriminated against him. Proceeding under the APA against the federal Defendants is not the proper route.

## IV.     Conclusion

As set forth above, the Court will grant Defendants' Motion to Dismiss.  A contemporaneous Order will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: April 16, 2018